UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 7:08-02

UNITED STATES OF AMERICA, PLAINTIFF

v. **OPINION AND ORDER**

LARRY THOMAS RAMEY, DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Clarify Omission in Sentence (DE 124) filed by the Defendant Larry Thomas Ramey pursuant to Fed. R. Crim. P. 36.

In his motion, Ramey asks the Court to clarify that it was the Court's intention that the federal sentenced imposed by the Court in this matter would commence to run on the date that Ramey was imprisoned in a state facility for the conduct that was the basis for both this federal action and for the revocation of his probation on a separate state charge by the Pike County Circuit Court.

In October 2004, the Pike County Circuit Court sentenced Ramey to a suspended sentence of three years and placed him on probation for two years on a state charge of possession of a controlled substance. This state court action was Pike County Circuit Court Case #04-CR-293.

On October 14, 2005, the Pike County Circuit Court revoked Ramey's state probation in Pike County Circuit Court Case #04-CR-293 after Kentucky Probation and Parole officers discovered cocaine and a firearm at his residence. The Pike County Circuit Court ordered Ramey to serve the suspended sentence of three years with credit for 21 days already served.

While Ramey was serving this state term, on February 7, 2008, he was indicted in federal

court on charges based on the same conduct that led to his state probation revocation. On February 14, 2008, Ramey was placed in federal custody pending sentencing on the federal charges. He later pleaded guilty in this Court to conspiring to distribute 500 grams or more of cocaine (Count 1) and possession of a firearm in furtherance of drug trafficking (Count 4).

On July 30, 2008, this Court sentenced Ramey to:

> 12 months on Count 1 and a consecutive 60 months on Count 4. However, the Court adjusts the sentence due to the time the defendant has served in federal pretrial custody. The final sentence is 6 months on Count 1 and a consecutive 60 months on Count 4, for a total of 66 months, to run concurrently with Pike County Circuit Court, Case #04-CR-293.

(DE 197).

It was this Court's intention that Ramey's federal sentence would be calculated from the date of sentencing in this matter (July 30, 2008) and that it would run concurrent with any *undischarged* portion of Ramey's sentence in Pike County Circuit Court Case #04-CR-293. The Court was unaware at the time of sentencing that the Kentucky Department of Corrections had recalculated Ramey's sentence in the state court action to expire July 1, 2008. Thus, the state sentence was fully discharged at the time of the federal sentencing.

Ramey asks the Court to clarify that the federal sentence should be calculated to commence on the date that he was imprisoned by the Pike County Circuit Court when his probation was revoked in Pike County Circuit Court Case #04-CR-293. However, this Court does not have authority to run a federal sentence concurrent with a *discharged* state sentence. *United States v. Fay*, 547 F.3d 1231, 1236 (10th Cir. 2008)("A district court...does not have authority to impose a sentence to be served concurrently with a discharged sentence); *United States v. Newby*, 13 Fed. Appx. 324, 325-26 (6th Cir. 2001)(U.S.S.G. § 5G1.3(c) applies only to undischarged state sentences). "Any already

2

discharged portion of a previous sentence may not be credited to a newly imposed sentence." *Palacios v. United States*, 2009 WL 604597 at * 6 (E.D.N.Y. 2009); 18 U.S.C. § 3585(b)(providing that a defendant must be given credit for time served on the offense for which the sentence is imposed or on any charge for which the defendant is arrested after the commission of the offense for which the sentence is imposed).

Ramey states that the Bureau of Prisons is calculating his federal sentence from the date of sentencing in this Court – July 30, 2008. This is correct and complies with the Court's intention. For this reason, the Court hereby ORDERS that Ramey's motion Motion to Clarify Omission in Sentence (DE 124) is DENIED.

Dated this 18th day of October, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge